JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMENIC ROMEO, Individually and as heir and Successor in Interest to ANNA ROMEO, Deceased,<br><br>Plaintiff,<br><br>v.<br><br>CANOGA HEALTHCARE, INC., d/b/a WEST HILLS HEALTH AND REHAB CENTER,<br><br>Defendant. | Case No. CV 21-02918-AB (RAOx)<br><br>**ORDER GRANTING MOTION FOR REMAND** |

Before the Court is a Motion for Remand ("Motion," Dkt. No. 16) filed by Plaintiff Domenic Romeo ("Plaintiff"). Defendant Canoga Healthcare, Inc. ("Defendant") filed an opposition. Plaintiff did not file a reply. For the following reasons, the Motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff's Complaint (Dkt. No. 14-1)[1] alleges as follows. In 2015, Anna Romeo

---

[1] A defendant may remove a case by filing a notice of removal "*together with* a copy of all process, *pleadings*, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a) (emphasis added). Here, Defendant did not file the Complaint "together with" the notice of removal as required by § 1446(a), but instead included it as an unnamed attachment to a standalone request for judicial notice with

1.

was admitted to the Defendant's facility West Hills Care Center ("West Hills") for rehabilitation and continuous care following insertion of a pacemaker to stabilize her heart muscles and due to her general lack of mobility arising from being wheelchair-bound. In April 2020, her brother Domenic Romeo, Plaintiff, was informed by West Hills that Anna Romeo was displaying COVID-19 symptoms, and that she would be transferred to the local hospital for treatment. On May 7, 2020, West Hills informed Mr. Romeo that Anna Romeo had fended off the illness, when in reality, she would succumb to the illness later that same day. Plaintiff alleged that Mrs. Romeo's death was due to the inactions of Canoga and West Hills, specifically that due to the failure of West Hills to properly implement infection control policies, Mrs. Romeo contracted the coronavirus and died shortly thereafter. Based on these allegations, Plaintiff filed his Complaint in the Superior Court of the State of California on February 24, 2021, asserting claims for elder abuse, negligence, and wrongful death.

On April 26, 2021, Defendants removed this case to Federal Court, asserting subject matter jurisdiction on three grounds: (1) the federal officer statute 28 U.S.C. § 1442(a)(1), given the CDC's ongoing directives to respond to and control the COVID-19 pandemic; (2) complete preemption pursuant to the PREP Act, 42 U.S.C. §§ 247d-6d, 247d-6e; and (3) the *Grable* doctrine. *See* Notice of Removal (Dkt. No. 1).[2]

Plaintiff now moves for remand, arguing that the Court lacks subject matter

---

multiple other attachments filed more than three weeks after the case was removed. The Court admonishes Defendant for not complying with this important requirement of § 1446(a) that permits the Court to quickly review the complaint to check its jurisdiction.

[2] Defendant subsequently filed one "Request for Removal" (Dkt. No. 6), two additional Notices of Removal, *see* Dkt. Nos. 11, 12, and a Request for Judicial Notice (Dkt. No. 14). The action was removed by Dkt. No. 1, and Defendant has not explained why they filed these subsequent removal documents. Because Dkt. Nos. 6, 11, and 12 are improper pleadings, they are **STRICKEN**. Because Dkt. No. 14 includes the Complaint, the Court will not strike it.

jurisdiction. Other courts in the Central District of California have already addressed these questions in the context of state law tort suits arising out of COVID-19 deaths in care facilities. *See, e.g., Martin v. Serrano Post Acute LLC*, No. CV 20-5937 DSF (SKX), 2020 WL 5422949, at *1 (C.D. Cal. Sept. 10, 2020); *Jackie Saldana v. Glenhaven Healthcare LLC*, No. CV-205631-FMO-MAAX, 2020 WL 6713995, at *1 (C.D. Cal. Oct. 14, 2020); *Est. of McCalebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951, at *1 (C.D. Cal. Mar. 1, 2021); *Smith v. Colonial Care Ctr., Inc.*, No. 2:21-CV-00494-RGK-PD, 2021 WL 1087284, at *1 (C.D. Cal. Mar. 19, 2021); *Stone v. Long Beach Healthcare Ctr., LLC*, No. CV 21-326-JFW(PVCX), 2021 WL 1163572, at *1 (C.D. Cal. Mar. 26, 2021); *Winn v. California Post Acute LLC*, No. CV2102854PAMARX, 2021 WL 1292507, at *1 (C.D. Cal. Apr. 6, 2021). In each of these cases, the Court found that it lacked subject matter jurisdiction and remanded the case to state court. Notably, Defendant has not pointed to any Court orders from this or any other district finding federal subject matter jurisdiction over COVID-19 related state law claims on the grounds asserted here. Plaintiff notes, and the Court also found, a single case from this district finding complete preemption under the PREP Act and denying remand. *See Garcia v. Welltower OpCo Grp. LLC*, No. SACV2002250JVSKESX, 2021 WL 492581, at *1 (C.D. Cal. Feb. 10, 2021). However, the Court explains below why it declines to follow the reasoning of *Garcia*. The Court finds the weight of opinion of its sister courts persuasive, and accordingly this Order relies on them.

## II. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted);

3.

*see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980. F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id*. at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id*. at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.").

### III. DISCUSSION

Defendants argue that this Court has subject matter jurisdiction on three independent grounds: (a) federal officer removal; (b) complete preemption under the PREP Act, and (c) embedded question of federal law under the *Grable* doctrine. Plaintiff responds that none of these grounds applies here.

#### A. Federal Officer Removal

Federal officer removal is available under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). This is an exception to the well-pleaded complaint rule, which typically requires a federal question to be pleaded in the complaint in order for the court to have subject matter jurisdiction based on a federal question. *See N.G. v. Downey Reg'l Med. Ctr.,* 140 F.Supp.3d 1036, 1039 (C.D. Cal. 2015).

There is no dispute that the removing parties are persons for purposes of the statute. The next inquiry is whether Defendants acted "pursuant to a federal officer's directions," whether there is a "causal nexus" between Defendants' actions and Plaintiff's claims, and whether Defendants can assert a colorable federal defense. Defendants point to government regulations and public directives regarding the response to the COVID-19 pandemic. The court in *Fidelitad* noted that, "[f]or a

private entity to be acting under a federal officer, the private entity must be involved in an effort to assist, or to help carry out, the duties or tasks of the federal superior." *Fidelitad, Inc.,* 904 F.3d at 1095. Further, a "private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007).

Defendants argue that the government regulations and public directives implemented during the COVID-19 pandemic are tantamount to directions from a federal officer. In *Saldana v. Glenhaven Healthcare LLC*, 20-cv-5631, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020), defendants argued that "in taking steps to prevent the spread of COVID-19, [they] did so in compliance with CDC and CMS directives, which were aimed at helping achieve the federal government's efforts at stopping or limiting the spread of COVID-19." The court found that such general regulations and public directives were "insufficient" to confer jurisdiction under the federal officer removal statute. *Id.* Similarly, this Court is not persuaded that the CDC's various and ongoing guidance in response to the pandemic means that Defendant was "acting under" a federal official. "[M]erely being subject to federal regulations or performing some functions that a government agency controls is not enough to transform a private entity into a federal officer." *Panther Brands, LLC, v. Indy Racing League, LLC,* 927 F.3d 586, 590 (7th Cir. 2016).

Furthermore, there is no causal link between Defendants' actions and Plaintiff's claims. Rather, Plaintiffs claims are directed towards the inactions of Defendant. This distinction serves to weaken Defendants' federal officer argument.

This Court finds that Defendant has not established that removal was proper based on the federal officer removal statute.

### B. Complete Preemption

Defendants also fail to raise a "colorable federal defense" under the theory of complete preemption. Under the doctrine of complete preemption, a state law claim can be considered to arise under federal law if "Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013)). Complete preemption that confers federal question jurisdiction is very rare. *See City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet this criteria [for complete preemption].").

In the Ninth Circuit, "complete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland v. BP PLC*, 969 F.3d 895, 905–06 (9th Cir. 2020) (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)). The PREP Act does not satisfy the Ninth Circuit's two-part complete preemption test. *See, e.g., Stone v. Long Beach Healthcare Ctr., LLC*, CV 21-326-JFW (PVCx), 2021 WL 1163572, at *5–7 (C.D. Cal. Mar. 26, 2021) (collecting cases and concluding PREP Act does not satisfy Ninth Circuit complete preemption test); *Est. of McCalebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951, at *3-*6 (C.D. Cal. Mar. 1, 2021) (finding no complete preemption). The Court acknowledges that the *Garcia* Court did find complete preemption. But the *Garcia* court deferred to an opinion of the HHS Secretary[3], and did not address the Ninth Circuit's two-part test, so it is not persuasive.

If Defendants believe that some or all of Plaintiff's state law claims are *barred*

---

[3] Defendant filed that same opinion in the Declaration of Barbara M. Reardon (Dkt. No. 29) after briefing on the motion closed. But, Defendant has not explained why the HHS Secretary's opinion should be accorded deference.

6.

by the PREP Act, filing a demurrer in state court is an option available to Defendants. If the state court dismisses the state law claims, Plaintiff could then decide whether they wish to file claims under the PREP Act in the U.S. District Court for the District of Columbia, the court with exclusive jurisdiction over such claims. *See* 42 U.S.C. § 247d-6d(e)(1).

The Court joins the weight of district court opinion that the PREP Act does not completely preempt the claims herein, and thus provides no basis for removal of this action.

### C. Embedded Federal Question

Defendants also argue that the *Grable* doctrine applies. Under the *Grable* doctrine, in order for a state law claim to provide federal question jurisdiction, the "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Supreme Court has stated "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claims 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

Plaintiff points out that the *Grable* doctrine relies on the claims made by the plaintiff, not the defenses raised by the defendant. Here, Plaintiff has raised a standard medical negligence and elder abuse claim arising under California law and that does

7.

not *necessarily raise* a federal issue. Defendants are the only parties that raise a federal issue, for example in asserting their immunity defense under the PREP Act. Accordingly, the court does not have subject matter jurisdiction based on an embedded federal question under *Grable*. *Accord Winn v. California Post Acute LLC*, No. CV2102854PAMARX, 2021 WL 1292507, at *5 (C.D. Cal. Apr. 6, 2021).

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not established that this Court has subject matter jurisdiction over Plaintiff's claims. The Court therefore **GRANTS** Plaintiff's Motion for Remand and **ORDERS** the Clerk of Court to remand this matter to the Superior Court of California, County of Los Angeles.

The Scheduling Conference set for August 6, 2021 is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 05, 2021

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE